## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINGL LI, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>    v.<br><br>DUOYUAN GLOBAL WATER, INC., WENHUA GUO, and STEPHEN C. PARK,<br><br>                 Defendants. | No. 10-cv-07233-GBD |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HOI MING MICHAEL HO AND JOSEPH E. SCIARRO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

Proposed lead plaintiffs Hoi Ming Michael Ho ("Michael Ho") and Joseph E. Sciarro (collectively hereinafter, "Movants") respectfully submit this memorandum of law in support of their motion for appointment as lead plaintiff and approval of lead counsel.

## I.    FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of the securities of Duoyuan Global Water, Inc. ("Duoyuan Global Water" or "DGW" or the "Company") between November 9, 2009 and September 13, 2010, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). Named as defendants are DGW and certain of its officers and/or directors.

Duoyuan Global Water purports to be a China-based domestic water treatment equipment supplier. The Company claims to develop advanced water treatment technologies and products and to provide products and water treatment solutions for municipal, industrial, residential and agricultural water treatment. Duoyuan Global Water, primarily through Defendant Wenhua Guo ("Guo") – the Company's Chief Executive Officer ("CEO"), Chairman of the Board of Directors, and controlling shareholder – maintains a substantial interconnection with non-party Duoyuan Printing, Inc. ("Duoyuan Printing" or "DYP"). DYP is another China-based, publicly traded company on the NYSE, which purports to manufacture commercial offset printing presses in China, and is expressly identified by Duoyuan Global Water as an "affiliated company." Duoyuan Global Water and DYP share the same headquarters situated in Beijing, China, and during the Class Period Duoyuan Global Water's CEO, Defendant Guo, also served as Chairman of the Board of DYP. Guo also is the beneficial owner of 100% of the equity interest in Duoyuan Global Water's majority shareholder, Duoyuan Investments Limited, which owns a controlling interest in DYP.

1

Duoyuan Global Water purports to be a China-based domestic water treatment equipment supplier. The Company claims to develop advanced water treatment technologies and products and to provide products and water treatment solutions for municipal, industrial, residential and agricultural water treatment. Duoyuan Global Water, primarily through Defendant Wenhua Guo ("Guo") – the Company's Chief Executive Officer ("CEO"), Chairman of the Board of Directors, and controlling shareholder – maintains a substantial interconnection with non-party Duoyuan Printing, Inc. ("Duoyuan Printing" or "DYP"), a China-based, publicly traded company on the NYSE, which purports to manufacture commercial offset printing presses in China, and is expressly identified by Duoyuan Global Water as an "affiliated company." Duoyuan Global Water and DYP share the same headquarters situated in Beijing, China, and during the Class Period DGW's Global CEO, Defendant Guo, also served as Chairman of the Board of DYP. Guo also is the beneficial owner of 100% of the equity interest in Duoyuan Global Water's majority shareholder, Duoyuan Investments Limited, which owns a controlling interest in DYP.

The complaint alleges that Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, defendants made false and/or misleading statements and/or failed to disclose, among others: (1) that, due to the substantial interconnection between Duoyuan Global Water and DYP, the existence of accounting improprieties and ineffective internal controls at DYP could negatively impact Duoyuan Global Water; and (2) as a result, the defendants lacked a reasonable basis for their statements about Duoyuan Global Water, its business, operations, prospects and growth.

On September 13, 2010, DYP announced a series of alarming management changes, including the resignation of at least four members of its Board of Directors, its CEO and Chief

2

Financial Officer ("CFO"), and the dismissal of its independent registered public accounting firm Deloitte Touche Tohmatsu CPA Ltd. Although this news specifically concerned events at DYP, it raised obvious red flags relating to both companies and had obvious implications for Duoyuan Global Water.

On this news, shares of Duoyuan Global Water declined $8.60 per share, or 41.55%, to close on September 13, 2010, at $12.10 per share, on unusually heavy volume.

## II.    PROCEDURAL HISTORY

Plaintiff Ming Li commenced the instant action on September 20, 2010, and on September 21, 2010, counsel for published a notice of the pendency of plaintiff's case on *Business Wire*, a widely circulated national business-oriented wire service.  *See* Declaration of Jala Amsellem In Support of Motion of Hoi Ming Michael Ho and Joseph E. Sciarro For Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Amsellem Declaration") at Exhibit 1.

Movants bring the instant motion pursuant to plaintiff Li's complaint and notice of pendency, and file this motion prior to expiration of the 60-day period from publication of the September 21, 2010, notice.

## III.    ARGUMENT

### A.    Movants Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides

3

a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

> (aa)  has either filed the complaint or made a motion in response to a notice... ;
>
> (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44 (S.D.N.Y. 1998).

As set forth below, Movants satisfy all three of these criteria, and thus are entitled to the presumption that they are the "most adequate plaintiff" for the Class.

### 1.    Movants are Making a Motion in Response to a Notice

On February 5, 2010, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff Mingli Li, published a notice of the pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service[1] -- announcing that a securities class action had been filed against defendants herein, and advising purchasers of DGW securities that they had until November 22, 2010, to file a motion to be appointed as lead plaintiff.

Movants file the instant motion pursuant to Mingli Li's complaint and published notice, and submit herewith Movants' sworn certifications attesting that they are willing to serve as representatives of the Class and willing to provide testimony at deposition and trial, if necessary. *See*

---

[1] *In re Party City Securities Litigation,* 189 F.R.D. 91, 105 n.10 (D.N.J. 1999) (national newswire services meet the statutory notice provision).

Amsellem Declaration, Exhibit 2. Movants therefore satisfy the PSLRA requirement of either filing a complaint or making a motion in response to a published notice.

### 2.    Movants Have The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *see Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401-402 (S.D.N.Y. 2004). Exchange Act §21D(a)(3)(B) provides that the most adequate lead plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought by the class." The statutory language explicitly provides that a "member or members" of the class or the "person or group of persons" may jointly serve as the "most adequate plaintiff." *Id.* Thus, according to the plain language of the statute, individual plaintiffs may aggregate their losses in order to serve as the lead plaintiff. *See also In re Oxford*, 182 F.R.D. at 47.

As demonstrated herein, Movants believe that they have the largest known financial interest in this case among class members who filed timely applications for appointment as lead plaintiff, and accordingly are presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

During the Class Period, Movants purchased, in the aggregate, 8521 shares of DGW at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and, as result, Movants have suffered substantial financial losses of $127,175.39. *See* Amsellem Declaration, Exhibit 3. Movants are not aware of any other Class member that has filed a complaint or an application for appointment as lead plaintiff and, consequently, believe that they

have the largest known financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff. Movants thus satisfy the largest financial interest requirement to be appointed as lead plaintiff for the Class. *Greebel v. FTP Software,* 939 F. Supp. 57, 64 (D. Mass. 1996).

### 3.    Movants Satisfy The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *See Aronson v. McKesson HBOC, Inc.,* 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *In re Party City,* 189 F.R.D. at 106 ("'A wide-ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'") (quoting *Fischler v. Amsouth Bancorporation,* 1997 WL 118429, at *2 (M.D.Fla. Feb. 6, 1997) and *Gluck v. Cellstar Corp.,* 976

F. Supp. 542, 546 (N.D. Tex. 1997)); *see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

### a.   Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002)(citations omitted).   Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*; *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004).

Here, Movants' claims are typical of the claims asserted by the Class.   Movants, like all members of the Class, allege that defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and prospects of DGW. Movants, like all of the members of the Class, purchased DGW securities at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby.   Movants' interests are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class.

### b.   Movants Are Adequate Representatives

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between Movant's claims and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001).   Here, Movants have demonstrated their adequacy as lead plaintiff by evincing a strong desire to prosecute this action on

behalf of the Class, and has shown that they are " 'willing' and able' to 'take an active role in and

control the litigation and to protect the interests of absentees.' " *Berger v. Compaq Computer Corp.,*

257 F.3d 475, 479 (5th Cir. 2001).  Movants have communicated with competent, experienced

counsel concerning this case, and have made this motion to be appointed lead plaintiff.  Movants are

not aware that any conflict exists between Movants' claims and those asserted on behalf of the class.

Movants also sustained substantial financial losses from their investments in DGW securities and

are, therefore, extremely motivated to pursue the claims in this action. *See* Amsellem Declaration,

Exhibit 3.

### 4.   Michael Ho and Joseph E. Sciarro Are Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movants as lead plaintiff may be rebutted only upon

proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I). *Ferrari*, 2004 WL 1637053, at *6.

The presumption that Movants are the most adequate lead plaintiff is not, therefore, subject to

rebuttal.  Movants have suffered substantial financial losses -- in excess of $127,000 -- and believe

they have the largest financial interest in this case of any timely lead plaintiff movant. The ability of

Movants to fairly and adequately represent the Class is discussed above.  Movants are not aware of

any unique defenses defendants could raise against them that would render Movants inadequate to

represent the Class.  Accordingly, Michael Ho and Joseph E. Sciarro are presumptively the most

adequate plaintiff and should be appointed lead plaintiff for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

### B.     The Court Should Approve Movants' Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002). In the present case, Movants have retained Glancy Binkow & Goldberg LLP to pursue this litigation on their behalf, and will retain this firm as plaintiffs' lead counsel in the event Movants are appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Amsellem Declaration as Exhibit 4. Thus, the Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation.

## IV.     CONCLUSION

For the foregoing reasons, Movants respectfully ask the Court to grant their motion and enter an Order (a) appointing Hoi Ming Michael Ho and Joseph E. Sciarro as lead plaintiff, (b) approving their selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class, and (c) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: November 22, 2010          **GLANCY BINKOW & GOLDBERG LLP**


By: _Jala Amsellem_
Lionel Z. Glancy
Jala Amsellem (#2084895)
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone: (310) 201-9150

-and-

**GLANCY BINKOW & GOLDBERG LLP**
1430 Broadway, Suite 1603
New York, NY 10018
Tel: (212) 382-2221

***Attorneys for Movants***
***and Proposed Lead Counsel***

10

# PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO SOUTHERN DISTRICT OF NEW YORK LOCAL RULES AND ECF RULES AND INSTRUCTIONS

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On November 22, 2010, I caused to be served the following document:

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HOI MING MICHAEL HO AND JOSEPH E. SCIARRO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

By posting these documents to the ECF Website of the United States District Court for the Southern District of New York, for receipt electronically by the following parties:

**See attached Service List.**

And on any non-ECF registered party:

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service.  I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day..

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 22, 2010, at Los Angeles, California.

*s/ Lionel Z. Glancy*
Lionel Z. Glancy

# Mailing Information for a Case 1:10-cv-07233-GBD

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Marc Ian Gross**
  migross@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,lpvega@pomlaw.com

- **Fei-Lu Qian**
  flqian@pomlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

**PARTIES RECEIVING SERVICE VIA U.S. MAIL**

**<u>FOR DEFENDANTS</u>**

No. 3 Jinyuan Road
Daxing Industrial Development Zone
Beijing 102600
People's Republic of China

*For Duoyuan Global Water, Inc.,*
*Wenhua Guo & Stephen C. Park*