UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOI MING MICHAEL HO, et al., )
)
               Plaintiffs, )
)
vs. ) Civil Action No. 1:10-cv-07233 (GBD)
)
DUOYUAN GLOBAL WATER, INC., ) FINAL JUDGMENT
et al., )
)
               Defendants. )

## FINAL JUDGMENT

On the 5TH day of February, 2014, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated September 10, 2013 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims against defendants Duoyuan Global Water, Inc. ("DGW"), Wenhua Guo, Stephen Park, Charles V. Firlotte, Christopher P. Holbert, Joan M. Larrea, Thomas S. Rooney Jr., Ping Wei, Yuefeng Yu, Piper Jaffray & Co., Oppenheimer & Co. Inc., Janney Montgomery Scott LLC, Global Environment Fund ("GEF"), and GEEMF III Holdings MU ("GEEMF") (collectively, the "Settling Defendants"), Ping Wei, Credit Suisse Securities (USA) LLC, Macquarie Capital (USA) Inc., Rodman & Renshaw, LLC (collectively, with the Settling Defendants, the "Defendants"); (2) whether judgment should be entered dismissing the claims in the Corrected Amended Complaint (the "Complaint") against the Defendants, on the merits and with prejudice, of Plaintiffs and all Persons or entities who are members of the Settlement Class and have not requested exclusion therefrom; (3) whether to approve the proposed Plan of Distribution (described in the Notice) as a fair and reasonable method to allocate the settlement

1

proceeds among members of the Settlement Class; and (4) whether and in what amount to award fees and reimbursement of expenses to Lead Counsel and reimbursement to Lead Plaintiffs;

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that notice of the Final Approval Hearing, and the issues to be considered therein, was provided to potential Settlement Class Members in the forms approved in the Preliminary Approval Order dated October 4, 2013, including by mail to all reasonably identifiable potential Settlement Class Members and otherwise by publication;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of the Litigation, Plaintiffs, all Settlement Class Members, and the Defendants.

2. All capitalized terms used herein shall have the same meaning as in the Stipulation.

3. The Court finds that the prerequisites for a class action under Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, for settlement purposes only, in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby certifies this action as a class action on behalf of all Persons who purchased or otherwise acquired DGW ADSs in or traceable to the IPO or SPO, as well as all Persons who purchased on the open market or otherwise acquired DGW ADSs between June 24, 2009 and April 5, 2011, inclusive; provided that excluded from the Settlement Class are (a) any putative members of the Settlement Class who submitted valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice and Rule 23 of the Federal Rules of Civil Procedure; and (b) Defendants, members of the immediate family of any such Defendant, any parent or subsidiary of any such Defendant, any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has or had a controlling interest during the Settlement Class Period, the officers and directors of any Defendant during the Settlement Class Period, and legal representatives, agents, executors, heirs, successors, or assigns of any such excluded Person. The Defendants or any entity in which any of the Defendants has or had a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Settlement Class only to the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.*, for its own account) interest in DGW ADSs. To the extent that a Defendant-Controlled Entity purchased any DGW ADSs in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class, neither such Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee benefit plan shall be excluded from the Settlement Class with respect to such purchase.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiffs are certified as class representatives and the Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court are hereby appointed as Lead Counsel for the Settlement Class.

6. The Stipulation, which is incorporated and made a part of this Order and Final Judgment, is approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and the Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions set forth in the Stipulation.

7. All claims made in the Litigation as to all Defendants are hereby dismissed with prejudice and without costs.

8. Upon the Effective Date hereof, Plaintiffs and each of the Settlement Class Members on behalf of themselves, their current or former heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, successors, attorneys, insurers and assigns, and any person they represent, hereby release and forever discharge, and shall be deemed to have released, dismissed and forever discharged, the Released Claims against each and all of the Defendants' Released Persons, with prejudice and on the merits, without costs to any party. Further, Lead Plaintiffs and all Settlement Class Members, on behalf of themselves, their current and former heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, successors, attorneys, insurers and assigns, and any person they represent, expressly covenant not to assert any claim or action against any of the Defendants' Released Persons, or any of their agents, insurers, or their re-insurers, or derivatively on behalf of DGW, that (a) arises out of or relates to any of the allegations, transactions, facts, matters, events, acts, representations or omissions asserted, set forth, or referred to in the Complaint or otherwise alleged, asserted, or

contended in the Litigation, or (b) could have been alleged, asserted or contended in any forum by the Plaintiffs, Settlement Class or any of the Settlement Class Members against any of the Defendants' Released Persons which arises out of, relates to, or is based upon any of the allegations, transactions, facts, matters, events, acts, representations, or omissions asserted, set forth, or referred to in the Complaint, or otherwise alleged, asserted, or contended in the Litigation; and such Persons shall forever be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any of Defendants' Released Persons, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all such claims as well as any and all claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Litigation or the Released Claims. Plaintiffs and all Settlement Class Members, whether or not any such person submits a Proof of Claim and Release, or otherwise shares in the Settlement Fund, on behalf of themselves and each of their current or former heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, insurers, assigns, personal representatives, heirs, any person they represent, and any other person who purports to claim through them, are hereby deemed by this Final Judgment to have released and forever discharged the Defendants' Released Persons from any and all of the Released Claims.

9. Upon the Effective Date hereof, each of the Defendants' Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' counsel (including Lead Counsel) from all claims (including Unknown Claims and Released Defendants' Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation.

10. Plaintiffs and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Defendants' Released Persons, and each of them, any of the Released Claims.

11. In accordance with Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78U-4(f)(7)(A), the Defendants are discharged and/or released from all claims for contribution that have been or may be brought by or on behalf of any Persons relating to the Settlement of the Released Claims. As of the Effective Date, any and all Persons are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or proceeding asserting any such claim for contribution.

12. Neither this Final Judgment, nor the Stipulation, nor any of the negotiations, documents, or proceedings connected with them shall be:

(a) referred to or used against the Defendants' Released Persons or against the Settlement Class and Plaintiffs' Released Persons as evidence of wrongdoing by anyone;

(b) construed against the Defendants' Released Persons as an admission or concession that the consideration to be given hereunder represents an amount which could be or would have been recovered after trial; or

(c) construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of the Settlement Class Members, that any of their claims are without merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

13. Exclusive jurisdiction is hereby retained over the Plaintiffs, Defendants, and Settlement Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation, and/or enforcement of the Stipulation and this Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members. Notwithstanding the foregoing, the Defendants' Released Persons may file the Stipulation and/or this Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

16. The finality of this Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses and/or for reimbursement awards to Lead Plaintiffs.

17. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the settlement proceeds among the Settlement Class Members.

18. The Court hereby finds that the notice provided to the Settlement Class provided the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of

Allocation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Judgment [except those persons set forth on Exhibit A].

19. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Final Judgment shall be rendered null and void and be vacated, and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in ¶¶ 1.1-1.28, 3.6-3.8, the last sentence of 7.2, 8.4, 8.5, 9.4 and 9.5 in the Stipulation), and the parties shall be returned to their respective positions in the Litigation as of the date the Stipulation was executed.

20. The Court finds that during the course of the Litigation and after review of the record of this case, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and particularly with Rule 11(b) of the Federal Rules of Civil Procedure.

21. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

22. The Court hereby **GRANTS** Lead Counsel's attorneys' fees of $1,716,666$ % of the Settlement Fund and expenses in an amount of $ $116,107.35$ together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement 

Fund until paid. Said fees shall be allocated by Lead Counsel among Plaintiffs' counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Litigation. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Settlement Class.

23. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel and Lead Plaintiffs from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

Dated: February 5, 2014

FEB 05 2014

_____
HON. GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

## EXHIBIT 1

## List of Persons and Entities Excluded from the Settlement Class in

*Ho, et al. v. Duoyuan Global Water, Inc., et al.*,
Case No. 1:10-cv-07233 (GBD)

The following persons and entities, and only the following persons and entities, properly excluded themselves from the Settlement Class by the January 15, 2014 deadline pursuant to the Court's Order dated October 4, 2013:

| IN RESPONSE TO THE NOTICE OF PENDENCY OF CLASS ACTION ||
|---|---|
| Gloria A. Gorby | |
| George and Gertrude Hluchy | |
| Boris Sklar | |
| | |
| | |
| | |
| | |
| | |
| | |

10