USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 04 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOI MING MICHAEL HO, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DUOYUAN GLOBAL WATER, INC., et al.,<br><br>Defendants. | Case No. 10-cv-07233 GBD<br><br>**ECF CASE**<br><br>Hon. George B. Daniels |

# [PROPOSED] ORDER AUTHORIZING THE DISTRIBUTION OF THE NET SETTLEMENT FUND

WHEREAS:

1. In the above-captioned litigation, the Claims Administrator has completed the administration of the Settlement Fund, including processing all submitted Proofs of Claim, and is now prepared, with the approval of the Court, to distribute the proceeds of the Settlement;

2. On February 5, 2014, the Court entered a Final Order (D.E. 205), which inter alia, approved the Plan of Allocation of settlement proceeds and retained jurisdiction over the litigation for all matters relating to the consummation of the Settlement;

3. As set forth in the Order Preliminarily Approving Settlement and Providing for Notice of Proposed Settlement (D.E. 200), and the Notice of Pendency and Proposed Settlement of Class Action disseminated to potential Class Members, the deadline for Class Members to submit claims to participate in a distribution from the Net Settlement Fund was February 1, 2014;

4. As reflected in the Affidavit of Stephen J. Cirami in Support of Motion for Distribution of Class Settlement Fund ("Cirami Affidavit"), the Claims Administrator has completed the process of reviewing all submitted claims and has made a recommendation as to the eligibility of each submitted claim;

5. Lead Plaintiffs and the Claims Administrator now seek authorization to distribute the Net Settlement Fund to Authorized Claimants; and

6. After reviewing the Motion for an Order Authorizing Distribution of the Net Settlement Fund, the Cirami Affidavit, and all other exhibits and papers submitted in support thereof, the Court has determined that good cause exists for the relief requested.

THEREFORE, IT IS HEREBY ORDERED as follows:

1. All timely filed claims that the Claims Administrator has determined to be eligible, listed in Exhibit B-1 of the Cirami Affidavit, are approved for payment from the Net Settlement Fund;

2. All late claims submitted after the February 1, 2014, deadline for filing claims and before June 12, 2014, but otherwise determined to be eligible by the Claims Administrator, listed in Exhibit B-2 of the Cirami Affidavit, are also approved for payment from the Net Settlement Fund;

3. All claims that the Claims Administrator has determined to be ineligible or unacceptable, listed in Exhibit B-3 of the Cirami Affidavit, are disallowed and shall not be paid;

4. No claim received on or after June 12, 2014, may be accepted for any reason whatsoever, and no further adjustments to claims may be made for any reason after June 12, 2014;

5. The amount of $227,049.12 shall be reserved from the Settlement Fund to pay the Claim Administrator's anticipated future fees and expenses through the end of the initial distribution, as reflected in Exhibit C of the Cirami Affidavit;

6. The entire balance of the Net Settlement Fund, after deducting the payments previously allowed and requested herein, and after the payment of any estimated taxes and the costs of preparing appropriate tax returns and any escrow fees, shall be distributed to the Authorized Claimants listed in Exhibits B-1 and B-2 of the Cirami Affidavit based on each Authorized Claimant's Recognized Loss in comparison to the total Recognized Losses of all Authorized Claimants;

7. All distribution checks issued to Authorized Claimants shall bear the notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS AFTER ISSUE DATE";

8. If economically feasible, any funds remaining in the Net Settlement Fund after the initial distribution shall be allocated in a second distribution, first to pay any remaining costs of claims administration and then to pay Authorized Claimants who have cashed their payments from the initial distribution; but if a second distribution is not economically feasible, the balance of the Net Settlement Fund shall be donated to an appropriate 501(c)(3) organization designated by Lead Counsel;

9. Any further claims against the Net Settlement Fund beyond the amount allocated to Authorized Claimants are barred, and all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund, are released from any claims arising out of their involvement; and

10. The Claims Administrator shall destroy claim forms and records in paper form one year after the final distribution and destroy claim forms and records in electronic form three years after the final distribution.

SO ORDERED.

DATED: SEP 04 2014

George B. Daniels

Hon. George B. Daniels
United States District Judge